THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

ANTONIO GOMES.

*Filed at Springfield October 30, 1894.*

PRACTICE—*sufficiency of evidence reviewed only as a question of law.* The question whether there is evidence to support an averment material to plaintiff's recovery can only be reviewed by this court as *a question of law,* and to preserve it as such the trial court must, in some one of the recognized ways, have been asked to pass upon the question as one of law.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Messrs. GREENE & HUMPHREY, for the appellant.

Messrs. BROWN, WHEELER & BROWN, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was a suit brought by appellee, against appellant, in the circuit court of Sangamon county, to recover for an alleged personal injury. The declaration consisted of several counts, each charging the defendant with negligently and carelessly moving and operating its locomotive and cars, in consequence of which plaintiff was injured, he at the time being in the exercise of due care. The jury found the defendant guilty, and fixed the plaintiff's damages at $1800, and judgment was entered on the verdict. The Appellate Court having affirmed that judgment, this appeal is prosecuted.

That plaintiff was seriously injured, resulting in the loss of one of his feet, is not denied. The only ground upon which we are asked to reverse the judgment below is, that there was no evidence introduced upon the trial tending to prove that the plaintiff was himself, at the time of his injury, in the exercise of due care. That

question is not open for review in this court. The dec-
laration alleged due care on the part of the plaintiff. The
plea of not guilty put that fact in issue as one of the con-
troverted questions in the case. The jury found it ad-
versely to the defendant. The Appellate Court has
affirmed that finding, and its judgment is conclusive.
This general rule is not denied by counsel for appellant,
but it is insisted that it only has application when the
controverted facts are supported by at least some evi-
dence tending to prove them. That is true; but in order
to present the question as to whether there is any such
evidence in a given case, so that this court can pass upon
it, it must come here, not as an issue, of fact, but one of
law; and it is well settled that unless the trial court was
asked to pass upon it as a question of law, by a demurrer
to the evidence, motion to take the case from the jury or
to have the jury instructed to find for the defendant, it
cannot be raised in this court,—that is to say, in such
case, as in every other, a party asking the reversal of a
judgment against him cannot assign for error a matter
which the trial court did not pass upon and was not asked
to decide. At no time during the pendency of this case
in the circuit court was it asked to decide, nor did it pass
upon the question, as to whether, as matter of law, there
was evidence introduced before the jury tending to prove
due care on the part of the plaintiff. No ruling of that
court is presented for review here. *Cothran* v. *Ellis et al.*
125 Ill. 496; *Railway Co.* v. *Velie,* 140 id. 59.

No errors of law are presented for our decision, and
the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE PHILLIPS, having heard this case in the
circuit court, took no part in its decision here.